IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SPEECH FIRST, INC., <br> *Plaintiff* <br><br> v. <br><br> BRIAN MCCALL, in his official capacity as Chancellor of the Texas State University System; KELLY DAMPHOUSSE, in his official capacity as President of Texas State University; ALEXANDRIA HATCHER, in her official capacity as Director of the Office of Equal Opportunity and Title IX for Texas State University; KEN PIERCE, in his official capacity as Vice President for Information Technology for Texas State University; DANIEL OWEN, in his official capacity as Chief Information Security Officer for Texas State University; EARL C. AUSTIN, GARRY D. CRAIN, ALAN TINSLEY, CHARLIE AMATO, SHIELA FASKE, DIONICIO FLORES, VERONICA HARLE, STEPHEN LEE, and WILLIAM F. SCOTT, in their official capacities as members of the Texas State University System Board of Regents, <br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:23-CV-00411 |

## DEFENDANTS' STATUS REPORT

Kelly Damphousse, in his official capacity as President of Texas State University ("Texas State"), on behalf of the Defendants, files this status report in advance of the hearing set for August 30, 2023 to advise the Court of its anticipated revisions to its Prohibition on Discrimination and Acceptable Use policies.

1

**Prohibition on Discrimination (UPPS 04.04.46)**

Texas State has neared the completion of its biennial review of the Prohibition of Discrimination policy, which commenced in October 2022. Attached as **Exhibit A** is the Prohibition of Discrimination, as revised. All steps in the review process have been completed, and the revisions are pending only final approval by the VP for Administration and President and publication with an anticipated effective date of September 1, 2023.

Independent of this litigation, the Prohibition of Discrimination revision includes substantial changes to the policy's overall organization, various substantive and non-substantive changes to procedures for reporting, investigating, and resolving alleged incidents of discrimination, and substantive and non-substantive changes to its policy definitions, including the definition of Harassment challenged by Speech First in this litigation. These changes are made to bring policy language in line with the actual procedures employed by OEO in addressing incidents of discrimination at Texas State and to refine and clarify the standards for a violation of the policy.

Of relevance to this suit, are the following revisions:[1]

1. Addition of Section 04. First Amendment Rights as follows:

   <span style="color:red">04.01   Freedom of speech and principles of academic freedom are central to the mission of institutions of higher education. Constitutionally protected expression cannot be considered Discrimination or Harassment under this Policy.</span>

2. Addition and modification of the following sections relating to the definition of Harassment:

   <span style="color:red">05.01   Protected Class – a class of persons who are protected under applicable federal or state laws against Discrimination and Harassment on the basis of race, color, sex, pregnancy, gender identity, sexual orientation, gender expression, religion, age, national origin, ethnicity, military or veteran status, disability, genetic information, or any other legally protected basis.</span>

                              *     *     *

---

[1] Because the revisions to the Prohibition of Discrimination are so extensive, attempting to show all changes would not be useful to the Court. Therefore, Defendants have provided a clean version of the revised policy as Exhibit A and show the changes to the relevant policy definitions in the body of this Status Report in red.

~~02.02~~ 05.03   Harassment – a form of discrimination consisting of ~~unwelcome~~ verbal, graphic, ~~written,~~ or physical conduct that either:

   a. ~~is directed at an individual or group of individuals because of their race, color, national origin, age, sex religion, disability, veterans' status, sexual orientation, gender identity, or gender expression; and~~ subjects an employee on the basis of their membership in a Protected Class to unwelcome conduct that is severe or pervasive enough to alter the conditions of the employee's employment and create a hostile or abusive working environment; or

   b. ~~is sufficiently sever or pervasive so as to interfere with an individual's employment, education, academic environment, or participation in institution programs or activities; and creates a working, learning, program, or activity environment that a reasonable person would find intimidating, offensive or hostile.~~ subjects a student on the basis of their membership in a Protected Class to severe, pervasive, and objectively offensive treatment that denies the student equal access to education.

~~To constitute prohibited harassment, the conduct must be directed at the individual or group based on a protected class. Conduct not based on one of the protected classes outlined in this definition will not be actionable under this policy.~~

An individual's subjective belief that behavior is intimidating, hostile, or offensive, in and of itself, is not sufficient to establish Discrimination or Harassment. ~~To constitute prohibited harassment, t~~The ~~conduct~~behavior must satisfy the standard for Discrimination or Harassment from ~~be~~ both a ~~obj~~subjective~~ly~~ and ~~su~~objective~~ly harassing in nature~~ perspective. ~~Harassment does not have to be targeted at a particular individual in order to create a harassing environment, nor must the conduct result in a tangible injury to be considered a violation of this policy.~~ In determining ~~W~~whether ~~the alleged conduct constitutes prohibited~~ Discrimination or ~~h~~Harassment has occurred, ~~depends on the totality of the particular circumstances, including~~ the university will examine the context, nature, scope, frequency, ~~and~~ duration ~~of the conduct in question~~, and ~~the~~ location ~~and context in which it occurs~~ of incidents, ~~and~~ as well as the ~~status~~ relationships of the individuals involved, and apply the appropriate standard according to the applicable complaint resolution procedures.

The proposed revisions to the definition of Harassment are substantially identical to the definition of Harassment adopted by the University of Houston as part of a negotiated settlement of Speech First's claims in the lawsuit Joint Stipulation of Dismissal at 10–11, 14, *Speech First, Inc. v. Khator, et al.*, No. 4:22-CV-582 (S.D. Tex. June 10, 2022), ECF No. 31, attached as **Exhibit B**.

**Acceptable Use Policy (UPPS 04.01.07)**

Texas State has neared the completion of an ad hoc revision of its policy regarding Appropriate Use of Information Resources ("Acceptable Use"). Attached as **Exhibit C** is the Acceptable Use policy, as revised. All steps in the review process have been completed, and the revisions are pending only final approval by the Vice President for Information Technology and President and publication with an anticipated effective date of September 1, 2023.

The proposed revisions are indicated in **Exhibit C** and recited below for ease of reference:

05.01 The following is a non-exhaustive list of activities ~~exemplify~~ considered to be an inappropriate use of the university's information resources and are. ~~These and similar activities are~~ strictly prohibited for all users:

\*   \*   \*

n. using Texas State's information resources to influence the election or nomination of a person for a state, local, or federal office or for similar partisan political activities ~~affect the result of a local, state, or national election or to achieve any other political purpose (consistent with Texas Government Code §556.004)~~;

These revisions clarify the scope of the statutory limitation on the use of state information resources for partisan political purposes consistent with binding precedent interpreting Texas Government Code § 556.004. *See Texas Uniting for Reform & Freedom v. Saenz*, 319 S.W.3d 914, 925 (Tex. App.—Austin 2010, pet. denied).

> Respectfully submitted.
>
> ANGELA COLMENERO
> Provisional Attorney General of Texas
>
> BRENT WEBSTER
> First Assistant Attorney General
>
> GRANT DORFMAN
> Deputy First Assistant Attorney General
>
> JAMES LLOYD

>Acting Deputy Attorney General for Civil Litigation
>
>KIMBERLY GDULA
>Deputy Chief for General Litigation Division
>RYAN G. KERCHER
>Deputy Chief for General Litigation Division
>
>*/s/ William D. Wassdorf*
>WILLIAM D. WASSDORF
>Texas Bar No. 24103022
>Assistant Attorney General
>General Litigation Division
>Office of the Attorney General
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>Phone: 512-463-2120
>Fax: 512-320-0667
>will.wassdorf@oag.texas.gov
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

>*/s/ William D. Wassdorf*
>WILLIAM D. WASSDORF