# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SPEECH FIRST, INC. *Plaintiff*, <br><br> v. <br><br> BRIAN McCALL, in his official capacity as Chancellor of the Texas State University System, *et al.*, *Defendants*. | Case No. 1:23-cv-00411-DAE |

## JOINT STIPULATION OF DISMISSAL

Per Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff and Defendants jointly stipulate to the dismissal of this case with prejudice. The University will pay Speech First's costs per the terms of their settlement agreement.

1

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 10, 2025 |   _/s/ Cameron T. Norris_   |

J. Michael Connolly
Cameron T. Norris
James F. Hasson (TX Bar No. 24109982)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
cam@consovoymccarthy.com
james@consovoymccarthy.com

*Counsel for Plaintiff Speech First, Inc.*


  _/s/ Stephanie A. Criscione_  

Ken Paxton
   Attorney General of Texas
Brent Webster
   First Assistant Attorney General
Ralph Molina
   Deputy First Assistant Attorney General
Austin Kinghorn
   Deputy Attorney General for Civil Litigation
Kimberly Gdula
   Chief for General Litigation Division
Stephanie A. Criscione (TX Bar No. 24109768)
   Assistant Attorney General
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
Tel: (512) 475-4104
Fax: (512) 320-0667
Stephanie.Criscione@oag.texas.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2025, I e-filed this document and its attachments via ECF, which will automatically email all counsel of record.

*/s/ Cameron T. Norris*

## AGREEMENT

This Agreement ("Agreement") is entered into on the date of signature of the last signatory to this Agreement ("Effective Date") by and between Speech First, Inc. ("Speech First") on the one hand and the Texas State University (the "University") on the other (together, the "Parties"), as follows:

A.  WHEREAS, by complaint filed on April 13, 2023, Speech First brought the matter styled *Speech First, Inc. v. McCall, et al.*, 1:23-cv-00411 (W.D. Tex.) ("Action"), asserting claims against Brian McCall, in his official capacity as Chancellor of the Texas State University System; Kelly Damphousse, in his official capacity as President of Texas State University; Alexandria Hatcher, in her official capacity as Director of the Office of Equal Opportunity and Title IX for Texas State University; Ken Pierce, in his official capacity as Vice President for Information Technology for Texas State University; Daniel Owen, in his official capacity as Chief Information Security Officer for Texas State University; and Earl C. Austin, Garry D. Crain, Alan Tinsley, Charlie Amato, Sheila Faske, Dionicio Flores, Veronica Harle, Stephen Lee, and William F. Scott, in their official capacities as members of the Texas State University System Board of Regents;

B.  WHEREAS, Speech First's complaint challenged the University's discriminatory-harassment policy ("Prohibition of Discrimination," University Policy and Procedure Statements 04.04.46) and its computer policy ("Appropriate Use of Information Resources," UPPS 04.01.07);

C.  WHEREAS, on April 14, 2023, Speech First moved for a preliminary injunction;

D.  WHEREAS, Defendant opposed Speech First's motion;

E.  WHEREAS, on September 1, 2023, the University revised the challenged portions of its discriminatory-harassment and computer policies;

F.  WHEREAS, on September 1, 2023, the U.S. District Court for the Western District of Texas, considering the revised policies, granted Speech First's motion as to the University's computer policy and denied the motion as moot as to the University's discriminatory-harassment policy;

G.  WHEREAS, on September 6, 2023, Speech First filed a notice of appeal to the U.S. Court of Appeals for the Fifth Circuit regarding the district court's denial of a preliminary injunction relating to Speech First's claims concerning the University's discriminatory-harassment policy;

H.  WHEREAS, on May 14, 2025, the U.S. Court of Appeals for the Fifth Circuit deemed Speech First's challenge to the discriminatory-harassment policy not moot, vacated the district court's order, and remanded to the district court for further proceedings consistent with its opinion, *see* Opinion & Judgment, No. 23-50633 (5th Cir. May 14, 2025);

I.  WHEREAS, the Parties have determined that it is in their mutual interests to amicably resolve the issues between them regarding the University's discriminatory-harassment and computer policies;

NOW, THEREFORE, in consideration of the foregoing and of the mutual undertakings of the Parties set out herein, the Parties agree as follows:

1.  The University will revise the discriminatory-harassment policy applicable to

students no later than August 16, 2025. The revised policy, applicable to students, will define "Harassment," *see* UPPS 04.04.46.05.03, as follows: "Harassment – a form of discrimination consisting of targeted conduct that a reasonable person would determine to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the University's education program or activity." The University will not reinstate the version of the policy in place when Speech First filed this Action or the version as revised on September 1, 2023 as applicable to students.

2.  The University will revise the computer policy no later than August 16, 2025. The revised policy will cease forbidding students from "using Texas State's information resources to influence the election or nomination of a person for a state, local, or federal office or for similar partisan political activities." UPPS 04.01.07.05.01.n. The University will not reinstate the version of the policy in place when Speech First filed this Action or the version as revised on September 1, 2023, as applicable to students.

3.  Within 3 business days of the Effective Date, Speech First will file a joint stipulation of dismissal in the form attached hereto, dismissing the action with prejudice.

4.  The University shall pay Speech First's costs, expenses, and attorney's fees in the amount of $25,000 within 30 days of Speech First's filing of the joint stipulation of dismissal.

5.  Nothing contained in this Agreement shall be deemed an admission of any liability or lack of merit in any claim or defense, by any Party.

6.  This Agreement represents the full and complete agreement between the Parties to resolve their dispute regarding Speech First's claims against Defendants. Any representations, warranties, promises, or conditions, whether written or oral, not specifically incorporated into this Agreement shall not be binding on the Parties. All other discussions, negotiations, and writings have been and are merged into this Agreement.

7.  Neither this Agreement nor any terms or provision hereof may be changed, waived, discharged, or terminated except by an instrument in writing duly signed by the Party against which enforcement of the change, waiver, discharge, or termination is sought.

8.  This Agreement shall be governed and construed in accordance with the laws of the State of Texas applicable to contracts made and to be performed wholly within the State of Texas, without regard to its conflict-of-laws provisions. All Parties agree that this Agreement and any disputes arising therefrom arise out of the same transaction or occurrence that is the subject matter of the Action and further agree that any disputes with respect to this Agreement are properly heard by the district court in the Action.

9.  All Parties hereto agree that in the event of any ambiguity or dispute regarding the interpretation of this Agreement, the Agreement will be interpreted as if each Party hereto participated equally in the drafting hereof.

10. This Agreement may be signed in two original counterparts, each of which shall for all purposes be considered an original of this Agreement. Execution and delivery of this Agreement by electronic means (including via e-mail or .pdf) shall be sufficient for all purposes and shall be binding on any person or Party who so executes.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date set forth above.

Date: June 30, 2025

Speech First, Inc.

By: Nicole K. Neily

Date: July 9, 2025

Dr. Kelly Damphousse
President

By: Kelly Damphousse

3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPEECH FIRST, INC.<br><br>                              *Plaintiff*,<br>v.<br><br>BRIAN McCALL, in his official capacity as Chancellor of the Texas State University System, *et al.*,<br>                              *Defendants*. | Case No. 123-cv-00411-DAE |

**JOINT STIPULATION OF DISMISSAL**

Per Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff and Defendants jointly stipulate to the dismissal of this case with prejudice. The University will pay Speech First's fees and costs per the terms of their settlement agreement.

4